IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Consejo de Titulares del Condominio Bosque del Rio,<br><br>**Plaintiff,**<br><br>v.<br><br>Federal Deposit Insurance Corporation, as Receiver for Doral Bank,<br><br>**Defendant.** | CIVIL NO. 15-1677 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

On October 9, 2014, Consejo de Titulares del Condominio Bosque del Río ("Plaintiff") initiated this action in the San Juan Part of the Puerto Rico Court of First Instance against Doral Bank ("Doral") for collection of condominium fees related to a property owned by Doral. Docket No. 10-1. On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the Federal Deposit Insurance Corporation ("FDIC-R" or "Defendant") as Doral's receiver.

On May 27, 2015, the FDIC-R removed the action to this Court under 12 U.S.C. § 1819(b)(2)(B) and/or 28 U.S.C. § 1442. Docket No. 1. Subsequently, the Court granted the FDIC-R's request to stay the action pending Plaintiff's exhaustion of statutorily mandated administrative remedies. Docket Nos. 4, 6. On January 6, 2016, the FDIC-R filed a motion to dismiss, asserting that the Court lacks subject matter jurisdiction because Plaintiff did not comply with the administrative claims process set forth in the Financial Institutions Reform,

Recovery, and Enforcement Act ("FIRREA"). Docket No. 9. The motion remains unopposed and the Court's stay has been lifted. Docket No. __. Meanwhile, the FDIC-R filed a separate motion requesting that its motion to dismiss be deemed unopposed and that the complaint filed against it be dismissed without further consideration. Docket No. 10. For the reasons set forth below, the FDIC-R's motion to dismiss is DENIED.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1 (1st Cir. 1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996).

"Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or

constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996); *Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc.*, 849 F.Supp.2d 240 (D.P.R. 2012).

## DISCUSSION

FIRREA establishes the FDIC as the agency that would best handle failed banks as conservator or receiver, "which will succeed to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). The FDIC also assumes the liabilities of the failed institution. 12 U.S.C. § 1823(c)(2)(A)(i). The idea behind this framework is "to facilitate takeovers of insolvent financial institutions and smooth the modalities by which rehabilitation might be accomplished." *Acosta-Ramírez*, 712 F.3d at 18 (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992)).

Because Congress wanted the FDIC to handle failed depository institutions in an expeditious manner, FIRREA created a statutory claims process to handle all claims against failed banks. *Acosta-Ramírez*, 712 F.3d at 19. After the appropriate governmental entity appoints the FDIC as receiver, the FDIC must publish a notice to the depository institution's claimants informing them of their obligation to present proof of their claims by a specific date (claims bar date).[1] 12 U.S.C. § 1821(d)(3)(B)(i). This claims bar date cannot occur before 90 days after the first publication.[2] *Id.* At the same time it publishes the first notice, the FDIC must also mail a

---

[1] The governmental entity that appoints the FDIC as receiver of failed financial institutions is the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. *See* P.R. Laws Ann. tit. 7, § 2001.
[2] The notice must be republished twice, at approximately one and two months, after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii).

similar notice to any claimant listed in the failed institution's books. 12 U.S.C. § 1821(d)(3)(C). If a claimant fails to file the claim before the claims bar date, the claim is barred. *See* 12 U.S.C. § 1821(d)(5)(C).

After a claim is filed, the FDIC has 180 days to allow or disallow the claim. *Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(5)(A)(i)). Claimants have 60 days after the disallowance of a claim, or 180 days after the expiration of the administrative decision deadline, to either seek judicial review or to continue a pre-existing court case that has been stayed. *Acosta-Ramírez*, 712 F.3d at 19; *see also* 12 U.S.C. § 1821(d)(6) (establishing that claimant may file suit or continue an action commenced before the appointment of receiver).

Compliance with and exhaustion of the administrative claims procedures is mandatory. *Marquis v. FDIC.*, 965 F.2d 1148, 1151 (1st Cir. 1992). Moreover, failing to comply with the statutory administrative claims procedures deprives courts of subject matter jurisdiction over any claim to assets of the failed financial institution. *See* 12 U.S.C. § 1821(d)(13)(D)(i); *see also Lakeshore Realty Nominee Trust v. FDIC*, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994) (dismissing case where Plaintiff did nothing to reactivate his claim).

In this case, on March 6, April 6, and May 5-6, 2015, the FDIC-R published a notice to potential creditors and depositors of Doral in both the *El Vocero de Puerto Rico* and *El Nuevo Dia* newspapers. The notice informed potential claimants that Doral had been closed and that any claim against Doral had to be filed with the FDIC-R no later than June 4, 2015. Docket No. 9-3. In addition, on May 21, 2015, the FDIC-R sent Plaintiff a letter notifying it that all claims against the FDIC-R must be filed by June 4, 2015. Docket No. 9-4. However, the letter erroneously

stated that "the Claims Bar Date has passed in this case . . . ." Thus, it instructed Plaintiff to "submit [its] completed claim and the supporting documentation to the Receiver **on or before August 12, 2015**." ECF No. 9-4 (emphasis in original). Therefore, the FDIC-R's May 21, 2015 notice incorrectly informed Plaintiff that the claims bar date of June 4, 2015 had already passed and, as a result, granted Plaintiff an extension until August 12, 2015, to file its claim.

Based upon the FDIC-R's letter, Plaintiff predictably submitted its claim via certified mail on June 24, 2015—that is, before the August 12, 2015 extension expired. Docket No. 9-1. Nonetheless, on December 16, 2015, the FDIC-R sent a notice of disallowance to Plaintiff stating that because the claim was not filed by June 4, 2015—the original claims bar date—it was being disallowed as untimely. Docket No. 9-2 (citing 18 U.S.C. Section 1821 (d)(5)(c)(i)). The letter also stated that the FDIC-R's determination "is final" and that it "will not consent to any further administrative review" of its determination. *Id.* Finally, the letter closed by explaining that the statutory provisions governing Plaintiff's claims process are found in Section 1821(d)(3)-(13) of Title 12 of the United States Code and that Plaintiff may call the FDIC-R with any questions concerning the contents of the letter. *Id.*

Despite referring Plaintiff to the applicable statutory provisions governing FIRREA's claims process, the FDIC-R has failed to comply with its own respective statutory obligations. Specifically, the FDIC-R has not complied with 12 USC § 1821 (d)(5)(A)(iv), which provides that a notice of disallowance "shall contain" both: (1) "a statement of each reason for the disallowance" and (2) "the procedures available for obtaining agency review of the determination to disallow the claim or judicial determination of the claim."

Civil No. 15-1677 (JAG) 6

In this case, the statute has been violated because the FDIC-R's letter omits any mention of the possibility or procedure for obtaining judicial review of the disallowance. *See* Docket No. 9-2; *Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank*, 839 F. Supp. 2d 511, 516 (D.P.R. 2012) ("If the FDIC disallows a claim, its notice must include a statement of each reason for the disallowance. The notice must also include the procedure available for obtaining administrative or judicial review of the FDIC's determination.") (citing 12 U.S.C. § 1821(d)(5)(A)(iv)); *FDIC v. Estrada-Colón*, 848 F. Supp. 2d 206, 211–12 (D.P.R. 2012) ("Claimants who receive such notices of disallowance may, in accordance with 12 U.S.C. § 1821(d)(6), file suit or continue an action commenced before the FDIC was appointed as receiver. Specifically, the statute provides that within 60 days of receiving the notice of disallowance, a claimant must either file a new action in the appropriate federal court or 'continue' an action that began before the FDIC was appointed as receiver.").

Accordingly, because this action was commenced in state court before the FDIC-R was appointed receiver, and was subsequently removed to this Court by the FDIC-R, Plaintiff never received adequate notice that it had a limited 60-day period to challenge the disallowance of its claim by continuing the current action. The FDIC-R's failure to advise Plaintiff of the applicable procedures for judicial review of its disallowance are not only a direct violation of the FDIC-R's statutory notice requirements, but also raise serious due process concerns. *See Miller v. F.D.I.C.*, 738 F.3d 836, 842 (7th Cir. 2013) (holding that the FDIC's notice of disallowance is satisfied only when "the contents of the notice otherwise comply with the statute"); *Elmco Properties, Inc. v. Second Nat. Fed. Sav. Ass'n*, 94 F.3d 914, 920 (4th Cir. 1996) (holding that it is a violation of due process to deny a FIRREA claim as untimely if appropriate notice is not provided). In addition,

the fact that Plaintiff was never apprised of its right to judicial review may explain why Plaintiff has not entered an appearance in this action. The Court finds that after receiving a letter from the FDIC-R that states the FDIC-R's disallowance is final, without any reference to the possibility of judicial review, it is highly conceivable that Plaintiff may have believed its continuance of the current action would be futile.

Having found that Plaintiff was not afforded appropriate notice as to how to actually exhaust its administrative remedies, the FDIC-R's motion to dismiss is DENIED. Nonetheless, the Court recognizes that should Plaintiff fail to enter an appearance after the issuance of this Opinion and Order, the FDIC-R will have solid grounds to seek dismissal of the current action for failure to prosecute. If Plaintiff is still interested in prosecuting its case, it must make an appearance within the next 30 days.

## CONCLUSION

For the reasons stated above, the FDIC-R's motion to dismiss is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of September, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
